```
         IN THE UNITED STATES DISTRICT COURT FOR
         THE DISTRICT OF MARYLAND, NORTHERN DIVISION
                                    *
ROHN PRODUCTS INTERNATIONAL, LC,
                                    *
     Plaintiff,
                                    *
v.
                                    *
SOFITEL CAPITAL CORPORATION,
USA, INC.,                          *    CIVIL NO.: WDQ-06-0504

     Defendant/                     *
     Third-Party Plaintiff,
                                    *
v.
                                    *
MTS FIRST WIRELESS, LTD., ET AL.,
                                    *
     Third-Party Defendants.
                                    *

*    *    *    *    *    *    *    *    *    *    *    *    *
```

MEMORANDUM OPINION

Rohn Products International, LC, ("Rohn"), a construction company that sells and installs telecommunication structures, has sued Sofitel Capital Corporation, USA, Inc., ("Sofitel"), a bank that finances trade and infrastructure projects in emerging markets, for: 1) breach of contract for Sofitel's failure to make payments under a promissory note; and 2) fraud in the inducement for Sofitel's alleged misrepresentations that induced Rohn to prepare and manufacture tower structure products in Nigeria. Sofitel, in turn, has filed a third-party complaint against,

1

*inter alia*,[1] MTS First Wireless, Ltd., ("MTS"), a communications company in Nigeria and the borrower in this case; Charles Crophet Kimbrough, Senior Vice President of MTS; and Richmond Aggrey, Chairman and Chief Executive Officer of MTS, generally alleging that their acts, defaults, omissions, misrepresentations, breaches, and fraud caused and/or contributed to any harm that Rohn suffered.

Pending are Sofitel's motions to: 1) dismiss the counterclaims filed by the *pro se* third-party defendants, Aggrey and Kimbrough; and 2) strike Kimbrough's sur-reply. Also pending are Kimbrough's self-titled motions for: 1) leave to file an amended answer and amended counterclaim; 2) dismissal of the third party plaintiff's summons; and 3) leave to file a sur-reply. For the reasons discussed below, Sofitel's motions to dismiss will be granted and to strike will be denied. In addition, Kimbrough's motions for leave to amend and to dismiss will be granted, and his motion to file a sur-reply will be denied as moot.

I.  Background

MTS and its bank, City Express, sought financing from

---

[1] Sofitel also included City Express Bank, PLC, ("City Express"), Oluwafunke A. Smith, Head of Corporate and Commercial Banking for City Express, and Olushola A. Adeoti, Chief Executive Officer/Managing Director of City Express, in its third-party complaint.

Sofitel for a project involving the construction of cell phone infrastructure in Nigeria (the "Project"). Third-Party Compl. ¶¶ 22-23. Aggrey, on behalf of MTS, visited Sofitel's offices in Annapolis, Maryland to discuss the project. *Id*. ¶ 28.

Prior to any commitment by Sofitel to secure financing for the Project, MTS contracted with Rohn to supply towers necessary for the Project. *Id*. ¶ 31. Sofitel subsequently entered into a loan agreement with MTS and City Express for the financing of the Project. *Id*. ¶ 35. Sofitel claims it relied on the third-party defendants representations in deciding to enter into the financing agreement. *Id*. ¶ 38.

On the due date for the first payment, City Express and MTS defaulted on the loan payments due to Sofitel, *id*. ¶ 58, which caused a "cross-default" that precluded Sofitel from making further "advances" to Rohn, *id*. ¶ 61. Instead of curing the default, however, "MTS informed Sofitel that it no longer wanted the loan." *Id*. ¶ 62.

Seeking payment, Rohn sued Sofitel, which, in turn, filed the third-party complaint on April 10, 2006, alleging: 1) common law indemnity; 2) contractual indemnity; 3) contribution; 4) breach of contract; 5) negligent misrepresentation; 6) civil conspiracy; and 7) constructive fraud against the third-party defendants.

On August 11, 2006, Kimbrough was served his summons and a

copy of the third-party complaint; Aggrey was served three days later.  On August 30 and September 11, Aggrey and Kimbrough each respectively filed their answers and counterclaims against Sofitel.  On October 3, 2006, Sofitel filed motions to dismiss the counterclaims of Aggrey and Kimbrough.  On November 28, 2006, Kimbrough filed a motion for leave to file a sur-reply to Sofitel's reply regarding its motion to dismiss his counterclaim.

On October 19, 2006, Kimbrough filed his unopposed motion for leave to file an amended answer and counterclaim.  On November 22, 2006, Kimbrough filed a motion to dismiss the third party plaintiff's summons.

II. Analysis

The Federal Rules of Civil Procedure ("FRCP") shall be construed "to secure the just, speedy, and inexpensive determination of every action."  FRCP 1.  To be clear, pleadings shall include "a complaint and an answer; a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if a person who was not an original party is summoned under the provisions of Rule 14; and a third-party answer, if a third-party complaint is served.  FRCP 7(a).  Generally, "[n]o other pleading shall be allowed" unless the court so orders.  *Id*.

A pleading setting forth a claim for relief, whether in, *inter alia*, a third-party claim or a counterclaim, shall contain

4

"a short and plain statement of the claim showing that the pleader is entitled to relief." FRCP 8(a).  In addition, in an answer or third-party answer "[a] party shall state in short and plain terms the party's defenses to each claim asserted and shall admit or deny the averments upon which the adverse party relies." Moreover, a motion "shall *state with particularity the grounds therefor*, and shall set forth the relief or order sought." FRCP 7(b) (emphasis added).  Finally, FRCP 8(e) requires that pleadings "shall be simple, concise, and direct."  Had these simple directions been followed, the Court would have had a simpler time evaluating the pleadings offered by the parties.

A.   Kimbrough's Motion to Amend

Kimbrough has moved for leave to file an amended answer and amended counterclaim.  (Paper No. 39).  Under FRCP 15(a), a party may amend the party's pleading "by leave of court" or "by written consent of the adverse party."  FRCP 15(a).  Moreover, "leave shall be freely given when justice so requires." *Id*.  As Sofitel has consented to the changes in the headings of the defenses, (Paper No. 37), the Court will grant the motion to amend and consider the amended version in its analysis below.[2]

---

[2] Kimbrough's amended answer and counterclaim merely changes the headings of his alleged defenses from "Affirmative Defenses" to "Defenses" and this has no influence on the Court's analysis.

B.   Motion to Dismiss the Counterclaims of Aggrey and Kimbrough

1.   Standard of Review

Under Rule 12(b)(6), a motion to dismiss should be granted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) (citing *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)), *Mylan Laboratories, Inc. v. Raj Matkari, et al.*, 7 F.3d 1130, 1134 (4th Cir. 1993). All allegations are treated as true, and the complaint is viewed in the light most favorable to the plaintiff. *Mylan*, 7 F.3d at 1134.

In deciding a Rule 12(b)(6) motion, the Court will consider the facts stated in the complaint and any attached documents. *Biospherics, Inc., v. Forbes, Inc.*, 989 F.Supp. 748, 749 (D. Md. 1997) *aff'd* 151 F.3d 180 (4th Cir. 1998). The Court may also consider documents referred to in the complaint and relied upon by the plaintiff in bringing the action. *Id.*

The court, however, "is not bound to accept as true a legal conclusion couched as a factual allegation. . . . Nor is the Court bound to accept Plaintiff's conclusory allegations regarding the legal effect of the facts alleged." *Nat'l Cas. Co. v. Lockheed Martin Corp.*, 415 F.Supp.2d 596, 600-01 (citations omitted). "[A] 'claim' cannot be stated in the form of a legal

6

conclusion, without more." *Sheridan-Wyoming Coal Co. v. Krug*, 168 F.2d 557, 559 (C.A.D.C. 1948). Indeed, "[a] complaint must contain more than the bare assertion of legal conclusions, and it must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Hughes v. Sanders*, 469 F.3d 475, 477 (6th Cir. 2006); *accord Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003).

When dealing with a *pro se* party, the Court construes their pleadings liberally. *Slade v. Hampton Roads Regional Jail*, 407 F.3d 243, 252 (4th Cir. 2005). *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

2.  The Counterclaims

Sofitel has moved to dismiss the counterclaim of Aggrey and the now amended counterclaim of Kimbrough for failure to state a claim. (Paper Nos. 33, 34). Sofitel argues that: 1) the claims asserted by Aggrey and Kimbrough do not state recognized causes of action in Maryland; and 2) the counterclaims fail to set forth facts to support any claim against Sofitel.

Aggrey has offered no response to Sofitel's motion and although Kimbrough has filed a response, it is misdirected as it focuses on the stress and harms caused by Sofitel's decision to file the third-party complaint against him. The Court does not

deny the stress inherent in defending against a suit in federal court; however, merely being brought into court does not give rise to a counterclaim absent specific allegations that state a cause of action.  Any problem with the sufficiency of the third-party complaint should be challenged in a motion to dismiss.

As the counterclaims by Aggrey and Kimbrough are nearly identical,[3] the Court will address their sufficiency together. The counterclaims state the following as claims: 1) Count I--Harassment; 2) Count II--Mental Anguish; 3) Count III--Psychological stress; 4) Count IV--Fictitious Claims (they each then list the claims contained in Sofitel's third-party complaint); 5) Count V--Distress and Anxiety Attacks; and 6) Count VI--Character Assassination.  *See* Answer and Countercl. of Aggrey ¶ 129 ("Aggrey Countercl."); Kimbrough Answer and Countercl. of ¶ 132 ("Kimbrough Countercl.").  The counterclaims, with the exception of character assassination, are limited to the simple statements listed above.  With respect to character assassination, which the Court construes as a claim for defamation, both Aggrey and Kimbrough only allege that Sofitel "chose to deliberately injure, harass, and misalign [sic] [Kimbrough's and Aggrey's] character."  Aggrey Countercl. ¶ 126; Kimbrough Countercl. ¶ 129.  As Kimbrough and Aggrey lack any

---

[3] Aggrey and Kimbrough state the same seven defenses in their answers and their counterclaims contain nearly identical wording.

8

allegations of fact to support their claims, including that for defamation, they fail to live up to the notice pleading requirements of Rule 8 even when construing their pleadings liberally.  Accordingly, the counterclaims of Aggrey and Kimbrough will be dismissed.

Aggrey and Kimbrough have preserved the seven defenses listed under Federal Rule of Civil Procedure 12(b).  Although Kimbrough has filed a motion arguing for dismissal of the third-party complaint based on the preserved defenses, Aggrey has not.

C.  Kimbrough's Motion to Dismiss

Kimbrough moves to dismiss the third party plaintiff's summons and includes all the defenses stated in FRCP 12(b)(1)-(7) as the basis for his motion.  Upon review of the motion, the Court finds that it should more properly be titled as a motion to dismiss the third-party complaint.

Sofitel, a corporation represented by counsel, failed to file a response to Kimbrough's motion to dismiss; a response would have been due on December 11, 2006.  Instead, on December 13, 2006, Sofitel improperly filed a motion to strike Kimbrough's motion for dismissal of third party plaintiff's summons in a civil action. (Paper No. 46).  It appears that Sofitel decided that Kimbrough's motion to dismiss (Paper No. 43) was a sur-reply and focused its entire argument on dissuading the Court from entertaining a sur-reply.  Kimbrough's sur-reply, however, is

9

properly attached to his motion for leave to file a sur-reply, (Paper No. 44). Moreover, Kimbrough's sur-reply is a response to Sofitel's reply regarding its motion to dismiss Kimbrough's counterclaim and thus is not related to Kimbrough's motion to dismiss. As the proper response to Kimbrough's motion to dismiss should have been a memorandum in opposition to Kimbrough's motion, the Court will deny Sofitel's misdirected motion to strike the sur-reply.

Kimbrough has certified that a copy of his motion to dismiss was sent to Sofitel's counsel and the motion was filed via the Court's Electronic Filing System, which provides notice to opposing counsel of filings. As a result, the Court will treat Sofitel's failure to respond as a decision not to oppose Kimbrough's motion. Accordingly, Kimbrough's motion will be granted and the third-party complaint dismissed as to Kimbrough.

D.   Kimbrough's Sur-Reply

As the third-party complaint will be dismissed as to Kimbrough, his motion for leave to file a sur-reply will be denied as moot.

III. Conclusion

For the reasons discussed above, Kimbrough's Motion to File an Amended Answer and Counterclaim and Sofitel's motions to dismiss the counterclaims of Aggrey and Kimbrough will be

10

granted.  In addition, Kimbrough's motion to dismiss the third party plaintiff's summons will be treated as a motion to dismiss the third-party complaint and will be granted.  Finally, Sofitel's motion to strike will be denied and Kimbrough's motion for leave to file a sur-reply will be denied as moot.


<u>February 9, 2007</u>                              <u>        /s/                </u>
Date                                         William D. Quarles, Jr.
                                             United States District Judge

11