IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

```
                                    *
ROHN PRODUCTS INTERNATIONAL, LC,
                                    *
     Plaintiff,
                                    *
v.
                                    *
SOFITEL CAPITAL CORPORATION,
USA, INC.,                          *    CIVIL NO.: WDQ-06-0504

     Defendant/                     *
     Third-Party Plaintiff,
                                    *
v.
                                    *
MTS FIRST WIRELESS, LTD., ET AL.,
                                    *
     Third-Party Defendants.
                                    *

*    *    *    *    *    *    *    *    *    *    *    *    *
```

MEMORANDUM OPINION

Rohn Products International, LC, ("Rohn"), a construction company that sells and installs telecommunication structures, has sued Sofitel Capital Corporation, USA, Inc., ("Sofitel"), a bank that finances trade and infrastructure projects in emerging markets.  Pending is Sofitel's motion for leave to file a third-party complaint against Charles Crophet Kimbrough, the Senior Vice President of MTS First Wireless, Ltd., which is a communications company in Nigeria and the borrower in this case.

1

I.   Background

    The current motion is the third in a series of motions

involving the third-party complaint filed by Sofitel against

Kimbrough.   On August 11, 2006, Kimbrough was originally served

the third-party complaint.   On November 22, 2006, Kimbrough filed

a motion to dismiss, which the Court granted on February 9, 2007.

On February 22, 2007, Sofitel moved for reconsideration and on

May 31, 2007, the Court denied Sofitel's motion.

II.  Analysis

    Sofitel moves for leave to file a third-party complaint

against Kimbrough. Sofitel argues that the Court's dismissal of

Kimbrough was without prejudice and not a final adjudication on

the merits under Federal Rule of Civil Procedure 41(b).   As a

result, Sofitel seeks to refile its complaint against Kimbrough,

and moves under Federal Rule of Civil Procedure 14(a) for leave

to do so.   The motion is unopposed by Rohn and Kimbrough is not a

party to the case at this time.

    "Unless the court in its order for dismissal otherwise

specifies," a dismissal under: (1) Rule 41(b) "[f]or failure of

the plaintiff to prosecute or to comply with these rules or any

order of the court," and (2) "any dismissal not provided for in

[Rule 41], other than a dismissal for lack of jurisdiction, for

improper venue, or for failure to join a party under Rule 19,

operates as an adjudication upon the merits." Fed. R. Civ. P.

41(b).

At issue here is how the dismissal of Kimbrough should be categorized under the rule.  Here, Kimbrough was dismissed because Sofitel incorrectly determined that Kimbrough's motion to dismiss was a sur-reply to an unrelated motion and thus failed to oppose his motion to dismiss.  If Kimbrough's dismissal is of the type that is not provided for in Rule 41 and is not for lack of jurisdiction, improper venue, or failure to join a party, then it operates as an adjudication upon the merits.

Sofitel argues that the dismissal in this case falls under the "lack of jurisdiction" exception to the adjudication on the merits rule as set forth in Rule 41(b).  That exception is not as narrow as the "fundamental jurisdictional defects which render a judgment void and subject to collateral attack, such as lack of jurisdiction over the person or subject matter."  *Costello v. U.S.*, 365 U.S. 265, 285 (1961).  In fact, the exception, under which dismissals are not adjudications on the merits, includes those "dismissals which are based on a plaintiff's failure to comply with a precondition requisite to the Court's going forward to determine the merits of his substantive claim."  *Id*.  The filing of an opposition to a motion to dismiss is not a required precondition for the Court to assess the merits of the substantive claim in a motion to dismiss.  Accordingly, this argument is unavailing to Sofitel.

3

Generally, "[u]nless the district court otherwise specifies, an involuntary dismissal under Rule 41(b) ordinarily operates as an adjudication on the merits and thus is with prejudice to the dismissed party's bringing of a new action."  9 C. Wright, A. Miller, & E. Cooper, *Federal Practice and Procedure*, § 2369. Applying the wording of Rule 41(b) literally, however, the Court's dismissal of Kimbrough, was not "an adjudication upon the merits" because, although based upon the determination that Sofitel's failure to file a response would be treated as a failure to oppose, the Court did not actually assess the merits of Sofitel's third-party complaint in the context of Kimbrough's motion to dismiss.[1]  As a result, the Court's dismissal of Kimbrough was without prejudice.

Under Rule 14(a) Sofitel must obtain leave to file a third-party complaint against Kimbrough because more than 10 days have passed since it served the original answer.  The decision to grant such leave is within "the sound discretion of the trial court."  *MNC Commercial, Div. Of MNC Credit Corp. v. Park Jensen Co., Inc.*, 1991 WL 74137, *5 (D. Md. 1991).  "One of the primary objectives of third-party procedure under Fed. R. Civ. P. 14 is to avoid circuity and multiplicity of actions and needless and

---

[1] If the dismissal were determined to be an adjudication upon the merits under Rule 41(b), then Sofitel would likely be precluded by *res judicata* from filing the complaint against Kimbrough in a separate case.

4

expensive duplication of work." *Id.* (*quoting Johns Hopkins University v. Hutton*, 40 F.R.D. 338, 346 (D. Md. 1966). Courts balance these objectives against the danger of prejudice to the plaintiff. *DTM Research, L.L.C. v. AT&T Corp.*, 179 F.R.D. 161, 162 (D. Md. 1998). As Rohn has not opposed this motion there is no evidence or argument that granting this motion would prejudice the plaintiff. Thus, if inclusion of Kimbrough would avoid circuity and duplication of work, the balance will weigh in favor of granting Sofitel's motion. As many of the issues, including details of the borrowing arrangement, would overlap between this case and a separate one for indemnity, the Court concludes that granting Sofitel's motion is appropriate.

III. Conclusion

For the reasons discussed above, the motion will be granted.


<u>August 2,2007</u>
Date

<u>            /s/            </u>
William D. Quarles, Jr.
United States District Judge