```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MARYLAND


ROHN PRODUCTIONS INTERNATIONAL,  *
LC
                                 *   CIVIL NO. WDQ-06-504
    V.
                                 *
SOFITEL CAPITAL CORPORATION
USA, INC., ET AL.                *

                                 *
```

### REPORT AND RECOMMENDATION

There are three motions pending before the Court:

Plaintiff's Motion to Enforce the Settlement (Paper No. 124);

Defendant Sofitel's Motion to Proceed to Trial Against Third Party Defendants (Paper No. 126); and

Motion to Withdraw of Raymond Carrigan as Counsel for Sofitel (Paper No. 127).

Judge Quarles, the trial judge, referred to the undersigned for a hearing (if necessary), proposed findings of fact and recommendations for the disposition of these motions. The undersigned judge conducted the mediation, which is the subject of these motions. Pursuant to Fed. R. Civ. P. 72(b) and Local Rule 301(b), I make the following recommendations:

### Motion to Enforce the Settlement Agreement

In its motion, Rohn asserted that the parties had settled the case at the mediation on January 14 before me, agreeing on all material terms, as set out in its submission. Sofitel asserts in its opposition that Rohn's motion fails as a matter of

law, that is, that it is procedurally impermissible under Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375 (1994), and as a matter of fact, that is, that the parties did not reach a complete settlement agreement.[1]

As to the first point, the Court has concluded that this Court has jurisdiction to entertain the motion to enforce, and if an agreement with material terms is found, to enforce the agreement. Sofitel is correct that the Supreme Court in Kokkonen defined the nature of the jurisdiction that a trial court may enjoy after a dismissal based on settlement and rejected the district court's inherent power to enforce terms of a settlement agreement, without more, under the doctrine of ancillary jurisdiction. "Enforcement of the settlement agreement, [] whether through award of damages or decree of specific performance, is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction." Id. at 3278. The Supreme Court went on to say:

> [T]he [district] court is authorized to embody the settlement contract in its dismissal order, or what has the same effect, retain jurisdiction over the settlement contract if the parties agree. Absent such action, however, enforcement of the settlement agreement is for the state courts, unless there is some independent basis for federal jurisdiction.

---

[1] Rohn correctly points out that Sofitel's opposition is grossly out of time and asks the court to reject it entirely on that basis. The Court has considered its arguments notwithstanding their untimeliness. Of course, Sofitel's failure to oppose the motion for months could be viewed as an admission that an enforceable settlement had in fact occurred.

2

Id. at 381-82.

    Here the Court did not embody the settlement contract in its dismissal order or retain jurisdiction over the contract. However, Judge Quarles' Order of January 20 did unequivocally preserve Rohn's right to move to reopen the case if the settlement was not consummated.  Despite Sofitel's uninformed protestations to the contrary, Rohn timely filed a motion with the Court on March 16.  Under Judge Quarles' Order of February 19, either party could move to reopen until March 21, 2009. While styled as a "motion to enforce settlement," Rohn's submission specifically prayed that the case be re-opened and the matter returned to the active calendar for the purpose of enforcing the settlement agreement (Paper No. 124).  By virtue of these January 20 and February 19 orders alone, the Court would not have had jurisdiction to separately adjudicate and enforce the settlement contract, but could have re-opened for adjudication of the underlying dispute.

    However, there is an independent basis for federal jurisdiction over the settlement contract here - the diversity of the settling parties.  Rohn is a citizen of Florida; Sofitel is a citizen of Maryland).  (See Paper No. 1 ¶¶ 2, 4, & 5; Paper No. 7).  As a result, and because the dispute involves more than $75,000, the Court has an independent basis for jurisdiction over the Agreement in this case and can consider plaintiff's motion to

enforce settlement.  See 28 U.S.C. § 1332; see also, Kokkonen, 511 U.S. at 378.  This Court can do so within the underlying case.  See Hensley v. Alcon Labs., Inc., 277 F.3d 535, 540 (4th Cir. 2002) ("Although resolution of a motion to enforce a settlement agreement draws on standard contract principles, it may be accomplished within the context of the underlying litigation without the need for a new complaint."); Fairfax Countywide Cit. Assoc. v. County of Fairfax, Va., 571 F.2d 1299, 1304 (4th Cir. 1978)("[U]pon repudiation of a settlement agreement which had terminated litigation pending before it, a district court has the authority under Rule 60(b)(6) to vacate its prior dismissal order and restore the case to its docket . . . . [if] there exists some independent ground upon which to base federal jurisdiction.").  In sum, this Court has jurisdiction to entertain the motion to enforce the settlement contract as a matter of law.

As to the second point - whether a settlement was reached and the terms of that settlement, an evidentiary hearing must necessarily be held, at least as to the terms.  Hensley, 277 F.3d at 541-42.  Of course, the fact that the settlement agreement is not in writing does not render it unenforceable.  Alexander v. Indus. of the Blind, Inc. 901 F.2d 40, 41 (4th Cir. 1990).

It does not appear necessary in this case to conduct an evidentiary hearing as the question of whether a settlement has

4

been reached has been, only as to the terms of the settlement agreement.  Sofitel counsel represented in several submissions to the Court that a settlement had been reached.  (See Defendant Sofitel's Motion to Proceed to Trial Against Third Party Defendants (Paper No. 126)("The Defendant Sofitel has reached a settlement with the plaintiff Rohn Products International LLC"); Joint Motion to Extend the Time Period Set Forth in the Rule 111 Order (Paper No. 122) ("As a result of the mediation, the parties agreed to settle the matter . . .")).  Sofitel is properly bound by the representations of its attorney in submissions to the Court.  Meyer v. Berkshire Life Ins. Co., 372 F.3d 261, 265-66 (4th Cir. 2004) (accepting as judicial admissions "'deliberate, clear, and unambiguous' statements by counsel" in a memorandum in support of motion for summary judgment, on the basis that the statements constituted "deliberate voluntary waivers that expressly concede[d] . . . alleged fact[s]").  Indeed, all counsel received a copy of Judge Quarles' January 20 Local Rule 111 Settlement Order dismissing the case without prejudice having "been advised by the parties that the above action has been settled. . ." (Paper No. 121).  No objection was made that the case had in fact not settled.  See also Hensley, 277 F.3d at 542 (recognizing that the district court's order that the parties "consummate the settlement" contemplated that the parties had already reached a binding settlement agreement and merely needed

5

to memorialize and sign that agreement).  Accordingly, the undersigned recommends that the Court find that a settlement has occurred as a matter of law.

While the fact of settlement is beyond dispute, the terms of the settlement now appear to be in dispute.  Sofitel asserts that "critical terms of a settlement" are unresolved, including "the scope of the release terms, timing and amounts of settlement payments and the terms of a confessed judgment."  (Paper No. 129, 2).  The Court finds that while there is no material dispute of fact as to the fact of settlement, Sofitel has posited a material dispute of fact as to the terms.  Accordingly, the undersigned recommends that the evidentiary hearing be held, but limited to the terms of the settlement.  However, another judge of the Court will have to preside over that hearing.

Local Rule 607(4) provides that:

> The Court's ADR process is confidential.  Unless otherwise agreed by the parties and the Court no disclosure shall be made to anyone . . . that in any respect reveals the dispute resolution positions of the parties or advice or opinions of neutrals.  No such communication shall be admissible in any subsequent proceeding except as permitted by the Federal Rules of Evidence.

Thus, because I may be asked to offer testimony by way of proffer, I cannot preside over the evidentiary hearing.  FRE 605 provides that "[t]he judge presiding at the trial may not testify in that trial as a witness."  Moreover, the Judicial Code of Conduct Canon 3D provides that:  "A judge shall recuse himself or

6

herself from a proceeding in which the judge's impartiality might reasonably be questioned, including an instance when . . . the judge has . . . extra-judicial knowledge of a disputed evidentiary fact concerning the proceeding." See also Advisory Opinion No. 95 of the Judicial Committee on Codes of Conduct ("[W]hile a trial judge's participation in settlement efforts is not inherently improper under the Code," a judge's "awareness of information obtained during settlement discussions that is otherwise unlikely to be made known to the judge during the trial may undermine the judge's objectivity as a fact finder and give rise to questions about impartiality." Compare id. with Hensley, 277 F.3d 542 ("Because of the district judge's personal involvement in the factual circumstances [of the settlement conference] relevant to the issues on remand, we remand to a different district judge to conduct the plenary hearing [on the settlement].").

The undersigned would have relevant testimony to offer on the terms of the settlement and, if it would expedite resolution of this matter, I could share that in advance of any evidentiary hearing, scheduled before another Judge.

Finally, Rohn has alleged bad faith in Sofitel's opposition and has asked for an award of attorneys' fees. Rohn complains that defendant's opposition is "impermissibly untimely, factually inaccurate and verges on suborning perjury." (Paper No. 129).

7

These are, of course, serious allegations, but appear to be solidly grounded, based on the exhibits that were attached and arguments made. However, the allegations will be tested in the evidentiary hearing and may, of course, form the basis for an award of attorneys' fees or other sanction, if proven. The Court, does, of course, have under its inherent powers the authority to shift attorneys' fees, but only in extraordinary circumstances where bad faith or abuse is found. <u>Chambers v. NASCO, Inc.</u>, 501 U.S. 32, 45-46 (1991). Accordingly, this is a matter for the judge presiding over the evidentiary hearing.

<u>Motion to Withdraw</u>

Raymond Carignan has filed a motion to withdrawn as counsel for Sofitel Capital Corporation. (Paper No. 127). Mr. Carignan does not state the reason for the withdrawal, but has complied with Local Rule 101(2)(b). New counsel has entered his appearance for Sofitel. Since it is possible that Mr. Carignan may testify at an evidentiary hearing, his withdrawal is necessary. Accordingly, I recommend that the motion be granted.

<u>Sofitel's Motion to Proceed to Trial
Against Third Party Defendants</u>

On January 19, 2009, Sofitel filed a separate motion to dismiss the third party defendants. (Paper No. 120). On January 20, 2009, the Court entered its order under Local Rule 111, dismissing the action, including all third party claims, with the right to move for good cause to reopen this action if settlement

8

was not consummated but further providing that if no party moved to reopen, the dismissal would be with prejudice.  (Paper No. 121).  On February 19, 2009, the parties filed a joint motion to extend the time in the Local Rule 111 Order to March 21, 2009, to allow for the consummation of the settlement between Sofitel and Rohn.  (Paper No. 122).  The Court granted the motion, extending the time to March 21.  (Paper No. 123).  On March 24, 2009, Sofitel filed its motion to withdraw its previously submitted motion to dismiss as to third parties and to proceed against third parties.  It is too late.  Sofitel did not move to reopen the action as to third parties in a timely fashion.  Accordingly, I recommend that the motion be denied.


Date:   10/20/09                              /s/
                                       Susan K. Gauvey
                                       United States Magistrate Judge