IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

<pre>
                                      *

ROHN PRODUCTS,
INTERNATIONAL, LC,                    *

                                      *

     Plaintiff,
                                      *

        v.                                    CIVIL NO.: WDQ-06-0504
                                      *

SOFITEL CAPITAL CORPORATION
USA, INC., et al.,
                                      *

     Defendant.
                                      *

*    *    *    *    *    *    *    *    *    *    *    *    *
</pre>

MEMORANDUM OPINION

Rohn Products International, LC ("Rohn") sued Sofitel

Capital Corporation USA, Inc. ("Sofitel") for breach of contract

and fraud.  Sofitel counterclaimed and impled MTS First

Wireless, Ltd. ("MTS") and others.  Pending are Sofitel's

objections to Judge Susan K. Gauvey's Report and Recommendation

(the "Report") about: (1) Rohn's March 16, 2009 motion to

enforce settlement; (2) Sofitel's March 24, 2009 motion to

proceed to trial against the third-party defendants; and (3)

Raymond Carignan, Esq.'s motion to withdraw as counsel for

Sofitel.  For the following reasons, Sofitel's objections will

be overruled, and the Report will be adopted.

I.   Background

Rohn--a Florida corporation with its principal place of business in Maitland, Florida--manufactures and sells cellular telephone towers.  Compl. ¶ 4, Ex. B.  Sofitel--a Maryland corporation with its principal place of business in Annapolis--specializes in financing projects in emerging markets.  *Id*. ¶ 5; Answer ¶ 5.  In 2003, Rohn entered into an agreement with MTS--a Nigerian telecommunications provider--under which MTS bought cellular telephone towers from Rohn.  Compl. ¶¶ 6-8, Ex. B. Sofitel financed the agreement through an August 9, 2004 Promissory Note (the "Note"), *id*., Ex. A, and a Letter of Credit.  *Id*. ¶ 9-10.  The Note required 12 monthly payments of $39,588.00 and had a 5 ½ percent interest rate.  *Id*. ¶ 19.  One payment was made on the Note.  *Id*. ¶¶ 24-25.

On February 26, 2006, Rohn sued Sofitel for breach of contract for its failure to pay under the Note and for fraudulently inducing Rohn to enter into the agreement with MTS. Paper No. 1.  On April 10, 2006, Sofitel filed a third-party complaint against MTS, City Express Bank, Oluwafunke A. Smith, Olushola A. Adeoti, Charles C. Kimbrough, and Richard Aggrey for common law and contractual indemnity, among other claims.  Paper No. 9.  On April 17, 2006, Sofitel counterclaimed against Rohn for civil conspiracy and tortious interference.  Paper No. 11.

2

On July 2, 2008, the case was referred to United States Magistrate Judge Gauvey for mediation.  Paper No. 105.  The mediation was held on January 14, 2009; on January 19, 2009, Sofitel informed the Court that "Sofitel ha[d] reached a settlement with . . . Rohn," and moved to dismiss its third-party claims under Fed. R. Civ. P. 41.  Paper No. 120.

On January 20, 2009, the Court issued a Local Rule 111 Settlement Order,[1] stating that it "ha[d] been advised that [the] action ha[d] been settled, including all counterclaims, cross-claims and third-party claims."  Paper No. 121.  Accordingly, the case was dismissed "without prejudice to the right of a party to move for good cause with 30 days to reopen this action if settlement is not consummated."  *Id*.

On February 19, 2009, the parties filed a joint motion to extend the Settlement Order's 30-day period.  Paper No. 122.  The motion, signed by Sofitel's counsel, Raymond Carignan, Esq.,

---

[1] Under Local Rule 111:

> When the Court has been notified by counsel that a case has been settled, the Court may enter an order dismissing the case and providing for the payment of costs.  Such an order of dismissal shall be without prejudice to the right of a party to move for good cause to reopen the case within a time set by the Court if the settlement is not consummated . . . .  An order entered pursuant to this Rule means that the entire case, including all claims, counter-claims, cross-claims, third-party claims and claims for attorneys' fees and costs has been settled, unless otherwise stated in the order.

stated that "the parties [had] agreed to settle the matter
including all counterclaims, cross-claims, and attorneys' fees."
*Id*.  The Court granted the motion the same day and set a March
21, 2009 deadline.  Paper No. 123.  On March 16, 2009, Rohn
filed a motion to enforce the settlement, alleging that after a
final agreement on the settlement--but before the agreement had
been signed--Sofitel withdrew Carignan's settlement authority.
Paper No. 124.  On March 24, 2009, Sofitel filed a motion "to
proceed to trial against third-party defendants" in which it (1)
stated that it had "reached a settlement with . . . Rohn" and
(2) attempted to "withdraw[] the previously submitted motion to
dismiss as to third parties."  Paper No. 126.  On April 6, 2009,
Carignan moved to withdraw as Sofitel's counsel.  Paper No. 127.

     On August 12, 2009, these motions were referred to Judge
Gauvey under 28 U.S.C § 636(b) and Local Rule 301(b).  Paper No.
128.  On October 20, 2009, Judge Gauvey issued a Report
recommending that the Court (1) hold as a matter of law that a
settlement had been reached between the parties; (2) conduct a
hearing to determine the terms of the agreement and Rohn's
entitlement to attorneys' fees for Sofitel's alleged bad faith
opposition to the motion to enforce; (3) deny as untimely
Sofitel's motion to proceed to trial; and (4) grant Carignan's

4

motion to withdraw.   Paper No. 133.   On November 3, 2009,

Sofitel filed objections to the Report.   Paper No. 134.

II.   Analysis

    A.   Standard of Review

    A reviewing "judge . . . shall make a de novo deter-

mination of those portions of the [magistrate judge's] report .

. . to which objection is made."   28 U.S.C. § 636(b)(1)(C)

(2006).   The judge "may accept, reject, or modify, in whole or

in part, the findings or recommendations" and "may also receive

further evidence or recommit the matter to the magistrate judge

with instructions."   *Id*.

    B. Sofitel's Objections

    Sofitel objects to Judge Gauvey's recommendations that the

Court (1) exercise jurisdiction over Rohn's motion to enforce

settlement; (2) find that a settlement occurred as a matter of

law; (3) hold a hearing to determine whether Rohn is entitled to

attorneys' fees; and (4) deny Sofitel's motion to proceed to

trial.[2]

---

[2] Sofitel has not objected to the recommendation that Carignan's
motion to withdraw be granted.   Accordingly, the Court will
adopt Judge Gauvey's recommendation that the motion to withdraw
be granted.

> 1.  Jurisdiction Over Rohn's Motion to Enforce
>     Settlement

Rohn alleges that Sofitel breached an oral settlement

agreement reached in the mediation before Judge Gauvey.  It

seeks judgment in the amount Sofitel allegedly agreed to pay in

exchange for Rohn's dismissal of its claims.  As Sofitel notes,

the procedural basis for Rohn's motion is unclear; Rohn cites no

authority--in its motion or its opposition to Sofitel's

objections--that the Court has jurisdiction to enforce the

putative settlement agreement.  As the Fourth Circuit has

explained, "when a settlement agreement has been breached, two

remedies are available--a suit to enforce the agreement or a

Rule 60(b)(6) motion to vacate the prior dismissal" and reopen

the case.  *See Harman v. Pauley*, 678 F.2d 479, 481 (4th Cir.

1982).[3]  As Rohn's filing is not a "suit" but a motion, Sofitel

argues that the only possible basis for it is Fed. R. Civ. P.

60(b)(6).[4]

It is clear, however, that Rohn does not seek the relief

Rule 60(b)(6) affords: vacatur of the Court's Settlement Order

---

[3] *Cf. Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S.
375, 378 (1994) (distinguishing motions to reopen from motions
to enforce settlement).

[4] Under Rule 60(b)(6), "[o]n motion and upon such terms as are
just, the court may relieve a party . . . from a final judgment,
order, or proceeding for . . . any . . . reason justifying
relief from the operation of the judgment."

and reinstatement of its claims against Sofitel.[5]  Rohn requests

a judgment in the amount of the alleged settlement.  Such relief

may be sought in a separate suit based on standard contract

principles or "it may be accomplished within the context of the

underlying litigation without the need for a new complaint."

*Hensley v. Alcon*, 277 F.3d 535, 540 (4th Cir. 2002).  However,

because "[e]nforcement of [a] settlement agreement . . . is more

than just a continuation or renewal of the dismissed suit, [the

motion] requires its own basis for jurisdiction."  *Kokkonen*, 511

U.S. at 378.  "[A] district court may not enforce a Settlement

Agreement unless the agreement had been approved and incor-

porated into an order of the court, or, at the time the court is

requested to enforce the agreement, there exists some indepen-

dent ground upon which to base federal jurisdiction." *Columbus-*

---

[5] *See Fairfax v. Countrywide Citizens Ass'n v. County of Fairfax*,
571 F.2d 1299, 1304 n.11 (4th Cir. 1978) ("[R]ule 60 provides no
grant of jurisdictional authority . . . [but] merely permits a
district court to try the original cause of action when the
district court concludes that the ends of justice warrant
reinstating the original claim."); *see also* 12 James W. Moore,
*et al.*, *Moore's Federal Practice*, ¶ 60.25 (3d ed. 1997) ("Rule
60(b) is available only to set aside a prior order or judgment;
a court may not use Rule 60 to grant affirmative relief in
addition to the relief contained in the prior order or
judgment.").

*America Discovery Group v. Atlantic Mut. Ins. Co.*, 203 F.3d 291,

299 (4th Cir. 2000).[6]

The Court did not incorporate an agreement into its

Settlement Order or require compliance with the putative

agreement.[7]  However, there is an "independent basis" for

jurisdiction over Rohn's motion.  Because, as Judge Gauvey

concluded, Rohn is a citizen of Florida and Sofitel of Maryland,

there is diversity jurisdiction under 28 U.S.C. § 1332.[8]  As

---

[6] *See also Kokonnen*, 511 U.S. at 582 (holding that when
settlement order neither incorporates agreement nor requires
compliance with an agreement as a condition of dismissal,
"enforcement of the settlement agreement is for state courts,
unless there is an independent basis for federal jurisdiction");
*Smyth v. Rivero*, 282 F.3d 268, 281 (4th Cir. 2002) (*citing
Kokonnen*, 511 U.S. at 581) ("If the obligation to comply with
the terms of the agreement is not made part of an order of the
court, jurisdiction to enforce the settlement agreement will not
exist absent some independent basis of jurisdiction.").

[7] *See Smyth*, 282 F.3d at 284 (district court's mere mention of
the settlement agreement in the Order is not "incorporation" of
the agreement).

[8] There is some disagreement about whether a finding of diversity
enables a court to entertain a motion to enforce settlement or
whether a separate suit is required.  *Compare Hensley*, 277 F.3d
at 540 (enforcement may be accomplished in underlying
litigation), *with Municipality of San Juan v. Rullan*, 318 F.3d
26, 31 (1st Cir. 2003) (separate action is required).  Citing
*Kokkonen*, one district court in this circuit has held that
diversity of citizenship is not a basis for jurisdiction over a
motion to enforce settlement.  *See Trans States Airlines, Inc.
v. Commonwealth Aviation Serv. Inc.*, 2008 U.S. Dist. LEXIS
88396, at *4-*7 (E.D. Va. Oct. 31, 2008).  The court noted that
*Kokkonen* had been removed to district court from California
state court on the basis of diversity, s*ee id*. at *6 n.1, and
reasoned that "[i]f the *Kokkonen* Court intended for diversity

Sofitel has not challenged this conclusion, the Court has

jurisdiction over Rohn's motion.

       2. Whether Settlement has Occurred as a Matter of Law

"When asked to enforce a settlement agreement, a court must

first ascertain whether the parties have in fact agreed to

---

jurisdiction to be enough to confer ancillary jurisdiction on
the Court to enforce a settlement agreement, the parties
in *Kokkonen* would have met this requirement." *Id.*

    The question addressed by the *Kokkonen* Court was whether
the district court had "ancillary jurisdiction" to hear the
claim. *See Kokkonen*, 511 U.S. at 378-380. As the Court
explained, "the doctrine of ancillary jurisdiction . . .
recognizes federal courts' jurisdiction over some matters
(*otherwise beyond their competence*) that are incidental to other
matters before them" *Id.* at 378 (emphasis added). The Court
described the doctrine as governing the "asser[tion] of
*otherwise nonexistent* federal jurisdiction." *Id.* at 379
(emphasis added). *Kokkonen* addressed only the district court's
power to hear the motion as part of its ancillary jurisdiction
because the district court and the court of appeals had relied
not on diversity jurisdiction, but the court's "inherent power"
to hear a motion to enforce settlement. *Id.* at 380. Because
the agreement was not incorporated into the district court's
dismissal order, the motion to enforce was essentially a claim
for breach of contract, which, absent an "independent basis for
federal jurisdiction" is typically a matter for state adjudi-
cation. *Id.* at 382. In the end, the Court did not hold that
there was no jurisdictional basis for the motion; it merely held
that the district court's ancillary jurisdiction was
insufficient and remanded the case. *Id.*

    As noted above, the Fourth Circuit's decisions since
*Kokkonen* recognize that if there is an independent
jurisdictional basis when enforcement is sought, the court may
enforce the settlement. *Smyth*, 282 F.3d at 281; *Columbus-
America*, 203 F.3d at 299. *Hensley*--a case very similar to this
case and which was also decided after *Kokkonen*--confirms that
this may be done without requiring a separate action to be
filed. *Hensley*, 277 F.3d at 540.

9

settle and then discern the terms of that settlement." *Power Servs. v. MCI, Inc.*, 36 Fed. Appx. 123, 125 (4th Cir. 2002) (*quoting Moore v. Beaufort County*, 936 F.2d 159, 162 (4th Cir. 1991)) (internal quotation marks omitted). "If there is a material dispute about the existence of a settlement agreement . . . a trial court must conduct a plenary evidentiary hearing to resolve that dispute." *Columbus-America*, 203 F.3d at 298. Judge Gauvey recommended that the Court find that (1) as a matter of law the parties agreed to settle at the January 14, 2009 mediation and (2) a hearing be held to determine the terms of the settlement. Sofitel contends that no enforceable agreement has been reached.

As the *Kokkonen* Court recognized, a motion to enforce settlement is a claim for breach of contract, the consideration for which was dismissal of the underlying suit. *Kokkonen*, 511 U.S. at 381. Thus, the party seeking enforcement must show not simply that an *agreement* was reached but that a *contract* exists. *See Calabi v. Gov't Employees Ins. Co.*, 353 Md. 649, 728 A.2d 206, 28 (1999). To prevail on it motion to enforce, Rohn must show (1) offer and acceptance, (2) consideration, and (3) an agreement containing definite and material terms. *See Cochran v. Norkunas*, 398 Md. 1, 919 A.2d 700, 708 (2007). "[A] manifestation of mutual assent is an essential prerequisite to the .

10

. . formation of a contract."  *Id*.  "Failure of the parties to agree on an essential term of a contract may indicate that the mutual assent required to make a contract is lacking." *Id*.  "If the parties do not intend to be bound until a final agreement is executed, there is no contract."  *Id*.

Rohn seeks to enforce an oral contract that it argues was formed at the January 14 mediation.  It relies solely on Sofitel's representations in three submissions to the Court that a settlement agreement had been reached.  *See* Paper Nos. 121, 122, 126.  Sofitel claims that those statements were based on attorney Carignan's mistaken belief that settlement was "imminent."[9]  Judge Gauvey has recommended that the Court treat the statements as "judicial admissions" establishing "the fact of settlement," Report at 5, but has also recommended that the Court hold a hearing to determine the terms of the agreement.

A judicial admission is a "representation that unless allowed by the court to be withdrawn, is conclusive in the case."  *Meyer v. Berkshire Life Ins. Co.*, 372 F.3d 261, 264 (4th

---

[9] As Sofitel explains in a footnote to its Objections, "[a]pparently believing that a settlement was imminent, predecessor counsel to Sofitel, Raymond Carignan, Esquire appears to have prematurely noted in a Motion to Dismiss Third-Party Defendants . . . that Sofitel had reached a settlement with Rohn."  It appears that Sofitel also contends that Carignan was mistaken in the two subsequent filings that also informed the Court that the case had been settled.  *See* Paper Nos. 122, 126.

Cir. 2004) (internal citations omitted).[10]  Although typically

limited to matters of fact, opinions and legal conclusions that

are "deliberate, clear, and unambiguous statements by counsel

may be considered judicial admissions that bind the conceding

party to the representations made."  *Id*. at 265 n.2 (*quoting*

*MacDonald v. General Motors Corp*., 110 F.3d 337, 340-41 (6th

Cir. 1997)) (internal quotation marks and alterations omitted).

   The parties dispute whether Judge Gauvey found that

Sofitel's admissions were legal conclusions that a contract was

formed at the mediation or admissions of fact that the parties

reached an agreement that may be enforceable as a contract.

Given that Judge Gauvey also recommended that a hearing be held

to determine the material terms of the putative agreement--and

stated that the "*fact* of settlement is beyond dispute"--it

---

[10] The Seventh Circuit has explained the difference between
judicial admissions and evidentiary admissions:

> Judicial admissions are formal concessions in the
> pleadings, or stipulations by a party or its counsel,
> that are binding upon the party making them. They may
> not be controverted at trial or on appeal. Indeed,
> they are not evidence at all but rather have the
> effect of withdrawing a fact from contention. A
> judicial admission is conclusive, unless the court
> allows it to be withdrawn; ordinary evidentiary
> admissions, in contrast, may be controverted or
> explained by the party.

*Keller v. United States*, 58 F.3d 1194, 1199 n.8 (7th Cir. 1995)
(internal citations omitted).

appears that she believed merely that some agreement had been reached.  A contract requires definite material terms; a dispute about those terms is a dispute about the existence of a contract.

Sofitel's statements are not judicial admissions that an enforceable contract was formed because they are not "deliberate, clear, and unambiguous." *Id*.  As noted above, an agreement to settle is not necessarily a contract.  If--as Sofitel contends and Judge Gauvey agrees--material terms were in dispute after the mediation, it is possible that the agreement reached at the mediation is not a contract.

The Court will overrule the objection and adopt Judge Gauvey's recommendation that Sofitel's statements be treated as a judicial admission that some agreement was reached at the mediation.  However, a hearing will be held to determine whether that agreement is enforceable as a contract.  The Court will also adopt Judge Gauvey's recommendation that the hearing be conducted by another judge because her testimony may be required.

### 3.  Whether Rohn's Request for Attorneys' Fees Should be Included in the Hearing

In its Reply to Sofitel's Opposition to the Motion to Enforce, Rohn requested attorneys' fees incurred in preparing the motion on the ground that the opposition was "impermissibly

untimely, factually inaccurate and verge[d] on suborning

perjury."  Paper No. 129.  In addition to be being more than

four months late, Rohn argued that Sofitel's opposition

misrepresented the outcome of the January 14, 2009 mediation.

Judge Gauvey found that Rohn's allegations were "solidly

grounded," Report 8, and recommended that the question of Rohn's

entitlement to fees be a part of the hearing conducted on the

motion to enforce.  Because Rohn's request for fees is in large

part based on Sofitel's alleged misrepresentations about the

mediation, it is appropriate to consider it with the motion to

enforce.  Sofitel's contention that the record does not support

Rohn's entitlement to attorneys' fees fails to recognize that

the off-the-record mediation will likely be dispositive.

Accordingly, the Court will overrule the objection, and adopt

Judge Gauvey's recommendation that Rohn's request for fees be

considered at the hearing on the motion to enforce.

> 4.   Motion to Proceed to Trial Against Third-Party
>      Defendants

On March 24, 2009, Sofitel moved to withdraw its January

19, 2009 motion to dismiss third-party defendants.  Paper No.

126.  Judge Gauvey recommended that the motion be denied as

untimely under the Court's February 19, 2009 Order setting a

March 21, 2009 deadline for motions to reopen the case.  Sofi-

tel's objection is based on its argument that Rohn's motion to

enforce should be treated as a motion to reopen under Rule

60(b)(6).  Because granting a motion to reopen would result in

vacatur of the Court's Settlement Order and the reinstatement of

the original claims in the case, Sofitel argues that its third-

party claims must also be reinstated.  As noted above, Rohn's

motion to enforce is not a motion to reopen.  Resolving the

motion will not require vacatur of the Settlement Order or

returning the case to the active docket.  Accordingly, Sofitel's

objection will be overruled, and Judge Gauvey's recommendation

that the motion be denied as untimely will be adopted.

III. Conclusion

    For the reasons stated above, Sofitel's objections will be

overruled, and Judge Gauvey's Report and Recommendation will

adopted as an order of the Court.


February 22, 2010                  _____/s/_____
Date                               William D. Quarles, Jr.
                                   United States District Judge


15